EDMUND TARLUCKI, BY NEXT FRIEND, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY.

Submitted July 8, 1910—Decided December 3, 1910.

The declaration alleged the existence of a public by-way leading transversely to defendant's tracks, upon which it operated a third-rail electric system; that plaintiff, a minor, while passing diagonally from the public by-way, pursued a footway alongside of the defendant's tracks and upon defendant's right of way, and was injured by coming in contact with the third rail. *Held,* upon demurrer, that the declaration presented no cause of action.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the plaintiff, *Wescott & Wescott.*

For the defendant, *George A. Bourgeois.*

The opinion of the court was delivered by

. MINTURN, J. The demurrer filed by the defendant in this case challenges the right of the plaintiff to recover upon the following state of facts:

On the 27th day of May, 1908, the defendant maintained and operated an electric third-rail railroad, which was protected and guarded from contact with the public by a fence. There was at that time "an ancient public way running at right angles to the tracks, which led up to and across the same, which roadway the defendant allowed to remain unfenced and unguarded, so that the plaintiff, eight years of age, who had no knowledge of the danger incident to the crossing, walked from the roadway upon the railroad right of way and instead of pursuing a direct course across the tracks, turned, as the declaration alleges, "along the side of its northerly track" upon "a well defined and worn footway in a diagonal direction for the purpose of reaching said footway and in so doing stepped against and came in contact with said third rail," thereby suffering the damage of which he complains.

Our difficulty in sustaining this declaration is that upon its face it shows that the injury complained of did not happen upon the public roadway, but upon the right of way of the defendant, which fact constituted the plaintiff at the time a trespasser, a *status* which imposed upon this defendant, upon well-settled principles, the negative duty only of refraining from willfully injuring him.

The latest pronouncement upon this subject by this court was in *Sutton* v. *West Jersey and Seashore Railroad Co.,* 49 *Vroom* 17, where the present Chief Justice, speaking for the court, said: "The rule is well settled in this state that a landowner is under no legal obligation to a trespasser to keep his premises in a non-hazardous state; that, as to him, the landowner's sole duty is to abstain from acts willfully injurious. And this rule is applicable whether the trespasser is an infant or an adult." Citing *Delaware, Lackawanna and Western Railroad* v. *Reich,* 32 *Vroom* 635.

There is nothing of a substantial character contained in this declaration which would enable us to distinguish the case at

bar in principle from the Sutton case. It is not alleged that the footway which the plaintiff was following upon defendant's right of way was generally used by the public as a public way, or that the defendant expressly or impliedly held out any invitation to the public to use it as such, and we are therefore constrained to construe the inference arising from the existence of this footway on the right of way most strongly against the pleader, and to assume that it was a private way, maintained by the railroad upon its own property for the use of its employes who are presumed to be cognizant of the danger incident to its use. *Sutton* v. *West Jersey, &c., Railroad Co., supra.* If the accident happened while the plaintiff was in the act of crossing the tracks from one side of the transverse by-road or public way to the other without deviating from his path, to enter upon the defendant's private property, an element of legal duty and tort feasance might thereby be presented which the allegations of the declaration now before us do not require us to consider for the determination of this case. Such a question cannot arise here in the absence of an allegation presenting the right of the plaintiff as one of the traveling public to use the right of way diagonally to reach the intersecting public way; or presenting facts from which an invitation of the defendant, express or implied, might be legally inferred to make such a use of its roadbed.

We consider, therefore, that the defendant is entitled to judgment on the demurrer.